UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Tari Davis individually and
LaTesha Russ as Guardian for
Minor Daughter

    -Plaintiffs

vs.

    Case No:    **19-1523-NJ**

Violations of the 4th and 14th Amendments of the U.S. Constitution by 42 U.S.C. § 1983, with Pendent State Claims under Wis. Stat. § 893.80 et. seq. and § 895.46

City of Milwaukee Police Officers
1-10 (unknown) and
The City of Milwaukee

    -Defendant(s)

---

**Plaintiffs' First Amended Complaint**

---

NOW COME Tari Davis and LaTesha Russ as Guardian for Minor Daughter by their attorneys Strouse Law Offices and Napierala Law Offices and bring the following claims on their behalf under the 4th and 14th Amendments, as set out below, and these by 42. U.S.C 1983 as follows: 1) Excessive Use of Force against Milwaukee Police Officers 1-10 (in their official and his individual capacity as defendant); 2) False Imprisonment Claims and 3) Pendent Claims under Wis. Stats. § 893.80 and §895.46.

**PARTIES**

1. That Plaintiff Tari Davis is an adult male who is domiciled within the borders of the City and County of Milwaukee.

2. That the Minor is the Daughter of LaTesha Russ and is domiciled with her guardian Tari Davis within the borders of the City and County of Milwaukee.

## FACTS

3. That on or about the early morning of 9/8/2019 Suspect decided to lead Milwaukee Police on a 13.7-mile-high speed chase.

4. The Suspect nearing the end of his drive decided to head for the home of Tari Davis in attempt to elude the Milwaukee Police.

5. During the entire time that the Suspect had led the police on a 13.7-mile-high speed chase he had at not at any time displayed and/or brandished a firearm.

6. The Suspect and Tari Davis were acquaintances.

7. That the Suspect decided that since he was acquaintances with Tari Davis, he would end his 13.7-mile high-speed chase by stopping at the residence of Tari Davis an unannounced visit.

8. The Milwaukee Police Department found the Suspect's visit to Tari Davis's home suspicious.

9. That the Suspect was unarmed during the chase and was unarmed when he exited the vehicle near Tari Davis home and ran to their house.

10. That the moment the Suspect exited the vehicle he no longer constituted a threat to himself or others, he had no weapon and was running away from the police unarmed in fear.

11. That MPD Police Chief Morales soon after the incidents described herein made a statement regarding the Suspect stating:

    a. "ran into the house of a known individual." and
    b. "at this point we are investigating that individual's involvement into the incident."

12. That at all times material hereto Tari Davis had no idea that the Suspect was heading to his home.

13. That at all times material hereto the police suspected criminal activity which they were investigating namely, who in the Davis home was assisting or willing to assist the Suspect after his high-speed chase.

14. That at all times material hereto once the police entered the property of Tari Davis the Plaintiff was not able to leave freely and he was also considered a criminal suspect.

15. That Officer 1 of the MPD used force to effectuate the seizure of Tari Davis and the Suspect by intentionally discharging his service weapon which struck Tari Davis.

16. The MPD and Officer 1 were negligent by, continuing the chase and then shooting the first person they confronted after the Suspect departed the vehicle MPD and Officer 1 failed to weigh properly the foreseeable risks to the public safety triggered by their decision.

17. That after he was shot by Officer 1 Tari Davis he was taken to the hospital where he was chained to a bed, had his personal items removed including his cell phone, all of which were examined by the police, upon information and belief without a warrant under conditions not evincing an exigency of a criminal situation, since the Suspect had been seized at the time of the shooting.

18. That when the police entered the home of Tari Davis, they encountered the rest of Mr. Davis's family.

19. That police officers then proceeded to forcefully and violently slam the Minor to the ground, drag her from the home and throw her into a squad car where she was taken away to custody without justification.

20. Many hours after arriving at the hospital Tari Davis was unshackled from his hospital bed.

21. That neither Tari Davis nor the Minor were charged with a criminal offense.

22. That at all times material hereto Tari Davis and the Minor reasonably thought that they were not free to leave, constituting their seizure by the police.

23. That at all times material hereto from the point Mr. Davis was seized by Office 1, both Mr. Davis and the Minor were in the custody of the MPD, which created a special relationship between the parties.

24. That, when the MPD Officers, including Officer 1, decided to engage in a 13.7-mile-high speed chase after the Suspect and then ran after him after he left his car then shooting the first person they encountered coming out of a residential home the MPD and Officer 1 created and increased danger to Mr. Davis.

25. The MPD and Officer 1 failed to protect Mr. Davis from the harm they created, since he/they discharged a weapon into a residential home, or its innocent residents would foreseeably increase the risk to Mr. Davis.

26. That the MPD's subsequent behavior was to assault, batter and then throw the Minor into a police car and then chain Mr. Davis to a bed and keep him detained was activity that shocks the conscience.

## COUNT 1
### 4th Amendment Violations, Excessive Force and Freedom from Unreasonable Seizures and 14th Amendment Violations of Substantive Due Process by 42 U.S.C. 1983 vs. Milwaukee Police Officer 1

27. That Plaintiffs readopt and re allege Counts 1-26 as though fully set out herein.

28. That at all times material hereto Milwaukee Police Officer One was acting individually and in his official capacity as a Milwaukee Police Officer under the color of state law.

29. That the seizure of the Plaintiffs was executed by means of excessive physical force and show of authority which was unreasonable under the circumstances:

    a. As to Tari Davis unreasonable and excessive force was used on Tari Davis (at all times material hereto) a suspect of Milwaukee Police Officer One.

30. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

31. As a result of the Milwaukee Police Officer One's actions Tari Davis experienced physical, emotional, psychological and dignitary harm.

## COUNT 2
### 4th and 14th Amendment Violations of Excessive Force and
### Freedom from Unreasonable Seizures
### By 42 U.S.C. 1983 vs.
### Milwaukee Police Officer 1-10

32. That Plaintiffs readopt and re allege Counts 1-31 as though fully set out herein.

33. That at all times material hereto Milwaukee Police Officers 1-10 were acting individually and in their official capacities as Milwaukee Police Officers under the color of state law.

34. That the seizure of the Plaintiff was executed by means of excessive physical force and show of authority which was unreasonable under the circumstances:

    a. As to the Minor excessive force was used by one or more officers when she was slammed to the ground, dragged out of her home and thrown into a squad car.

35. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

36. As a result of the Milwaukee Police Officer 1-10 actions the Minor experienced physical, emotional, psychological and dignitary harm.

## COUNT 3
### 4th and 14th Amendment Violations of Excessive Force and
### Freedom from Unreasonable Seizures
### By 42 U.S.C. 1983 vs.
### Milwaukee Police Officer 1-10

37. That Plaintiffs readopt and re allege Counts 1-36 as though fully set out herein.

38. That at all times material hereto Milwaukee Police Officers 1-10 were acting individually and in their official capacities as Milwaukee Police Officers under the color of state law.

39. That the seizure of the Plaintiff was executed by means of excessive physical force and show of authority which was unreasonable under the circumstances:

a. As to the Minor excessive force was used by one or more officers when she was slammed to the ground, dragged out of her home and thrown into a squad car.

40. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

41. As a result of the Milwaukee Police Officer 1-10 actions the Minor experienced physical, emotional, psychological and dignitary harm.

## COUNT 4
**Tari Davis**
**4th and 14th Amendment Violation(s)**
**False Imprisonment under 42 U.S.C. 1983 vs.**
**Milwaukee Police Officer 1-10**

42. That Plaintiffs readopt and re allege Counts 1-41 as though fully set out herein.

43. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

44. Here Milwaukee Police Officers had no probable cause as analyzed from an objectively reasonable officers view to shackle Tari Davis to a hospital bed, remove and inspect his possessions and search through his cell phone.

45. Under Wisconsin Supreme Court Precedent "An actor is subject to liability to another for false imprisonment if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other." <u>Maniaci v. Marquette University</u>, 50 Wis. 2d 287.

46. Here Milwaukee Police Officers intended to confine Plaintiff to his hospital bed restricting his movements in a way not comparable to other patients similarly situated and which had boundaries fixed by the police by shackles which resulted in Plaintiff's liberty being confined by the police without the consent of Tari Davis.

47. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

48. As a result of the Milwaukee Police Officers' actions Tari Davis experienced physical, emotional, psychological and dignitary harm.

## COUNT 5
### The Minor
### 4th and 14th Amendment Violations of
### False Imprisonment under 42 U.S.C. 1983

49. That Plaintiffs readopt and re allege Counts 1-48 as though fully set out herein.

50. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

51. Here Milwaukee Police Officers had no probable cause as analyzed from an objectively reasonable officers view to slam the Minor to the ground, drag her from her home and confine her to the back of a squad car.

52. Under Wisconsin Supreme Court Precedent "An actor is subject to liability to another for false imprisonment if (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his act directly or indirectly results in such a confinement of the other." Maniaci v. Marquette University, 50 Wis. 2d 287.

53. Here Milwaukee Police Officers intended to confine Plaintiff to the back of a squad car which resulted in Plaintiff's liberty being confined by the police without the consent of the Minor.

54. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

55. As a result of the Milwaukee Police Officer One's action the Minor experienced physical, emotional, psychological and dignitary harm.

## COUNT 6
### Due Process
### State Created Danger

56. That Plaintiffs readopt and re allege Counts 1-55 as though fully set out herein.

57. That at all times material hereto from the point Mr. Davis was shot by Office 1, both Mr. Davis and the Minor were in the custody of the MPD, which created a special relationship between the parties.

58. That, when the MPD Officers, including Officer 1, decided to engage in a 13.7-mile-high speed chase after the Suspect and then ran after him after he left his car then shooting the first person they encountered coming out of a residential home the MPD and Officer 1 created and increased danger to Mr. Davis.

59. The MPD and Officer 1 failed to protect Mr. Davis from the harm they created, since he/they discharged a weapon into a residential home, or its innocent residents would foreseeably increase the risk to Mr. Davis.

60. The MPD and Officer 1 were negligent by, continuing the chase and then shooting the first person they confronted after Suspect departed the vehicle MPD and Officer 1 failed to weigh properly the foreseeable risks to the public safety triggered by their decision.

61. That the MPD's subsequent behavior was to assault, batter and then throw the Minor into a police car and then chain Mr. Davis to a bed and keep him detained was activity that shocks the conscience.

62. That at all times material hereto the MPD Officers were acting under color of state law with deliberate indifference to the Plaintiff(s).

## COUNT 7
### Tari Davis
### Pendent State Law Claim under
### Wis. Stat. 893.80 et seq.

63. That Plaintiffs readopt and re allege Counts 1-62 as though fully set out herein.

64. That Tari Davis timely sent a 120 Day Notice of Claim to the Defendant(s) complying with the statute giving proper notice of injury.

**Negligence:**

65. That Milwaukee Police Officer One owed Tari Davis a standard of care, namely, to exercise a duty of care while discharging a firearm.

66. The MPD and Officer 1 were negligent by, continuing the chase and then shooting the first person they confronted after Suspect departed the vehicle MPD and Officer 1 failed to weigh properly the foreseeable risks to the public safety triggered by their decision.

67. That Milwaukee Police Officers breached that standard of care causing Tari Davis harm.

## COUNT 8
### The Minor
### Pendent State Law Claim under
### Wis. Stat. 893.80 et seq.

68. That Plaintiffs readopt and re allege Counts 1-67 as though fully set out herein.

69. That the Minor timely sent a 120 Day Notice of Claim to the Defendant(s) complying with the statute giving proper notice of injury.

**First Claim: Negligence:**

70. That Milwaukee Police Officers owed the Minor a standard of care, namely, to exercise a duty of care while restraining or detaining an individual.

71. That Milwaukee Police Officers breached that standard of care causing the Minor harm.

## COUNT 9
### Tari Davis and The Minor
### Pendent State Law Claim under
### Indemnification Claims Wis. Stat. 895.46 et seq.

72. That Plaintiffs readopt and re allege Counts 1-71 as though fully set out herein.

73. That for each and every incident described herein the Milwaukee Police Officers 1-10 were at all times material hereto acting individually and in the alternative in their

official capacities as Milwaukee Police Officers acting within the scope of their official capacities.

74. That Milwaukee Police Officers 1-10 while acting in their official capacities were carrying out their duties to the City of Milwaukee when they harmed Plaintiffs in the ways set out herein.

75. That the City of Milwaukee is required, upon any determination of liability, to indemnify the Plaintiffs for their agents/employees harm caused to the Plaintiff.

## COUNT 10
### Tari Davis vs Officer One
### Pendent State Law Claim under
### Assault and Battery- Transferred Intent

76. That Plaintiffs readopt and re allege Counts 1-75 as though fully set out herein.

77. That the Minor timely sent a 120 Day Notice of Claim to the Defendant(s) complying with the statute giving proper notice of injury.

**First Claim: Negligence:**

78. That Milwaukee Police Officers owed the Minor a standard of care, namely, to exercise a duty of care while restraining or detaining an individual.

79. That Milwaukee Police Officers breached that standard of care causing the Minor harm.

## COUNT 11
### The Minor
### Pendent State Law Claim under
### Assault and Battery

80. That Plaintiffs readopt and re allege Counts 1-79 as though fully set out herein.

81. That the Minor timely sent a 120 Day Notice of Claim to the Defendant(s) complying with the statute giving proper notice of injury.

**First Claim: Negligence:**

82. That Milwaukee Police Officers owed the Minor a standard of care, namely, to exercise a duty of care while restraining or detaining an individual.

83. That Milwaukee Police Officers breached that standard of care causing the Minor harm.

### **Prayers for Relief**

**Wherefore,** The Plaintiffs each individually and separately Pray for an Order of Judgment entered by this Court against Defendants for the harm set out above as follows: Milwaukee Police Officers 1-10 their official and personal capacities where capable of remedy and for indemnification from the City of Milwaukee for their agents/employees liability as follows:

a. Under 42 U.S.C. 1983 - For actual, foreseeable, consequential, punitive, personal injury, pain and suffering, emotional and mental harm with permanency mental anguish, pain and suffering as a result of excessive force and/or deadly force used by Milwaukee Police Officers 1-10;

b. Specifically, for special damages under Rule 9(g), in the form of punitive damages;

c. For physical, emotional, psychological, damages each, individually and separately under pendent state law claim 893.80.

d. For indemnification from the City of Milwaukee to Milwaukee Police Officers 1-10 as to any liability resulting in damages which may be awarded to the Plaintiffs found by this Court under Wis. Stats. 895.46.

e. For reasonable attorney's fees as set out under 42 U.S.C. 1988.

Dated this _25th of ___November___ 2019
Attorneys for Plaintiff,
_____/s/ *Paul Strouse*_____
Paul Strouse- *Attorney At Law*
SBN:   1017891
Thomas Napierala- *Attorney at Law*
SBN:   1011811

Prepared By:

The Law Offices of Paul Strouse
413 North 2nd Street Suite #150
Milwaukee WI 53203
(414) 390-0820


The Law Offices of Thomas Napierala
413 North 2nd Street Suite #150
Milwaukee WI 53203
(414) 390-0820